## Weaver's Estate.

*J. O. Ulrich,* for petitioner; *R. J. Graef* and *Daniel Boyle,* for trustee.

WILHELM, P. J., Jan. 14, 1929.—This is the petition of Annie G. Weaver, widow of Alvin Henry Weaver, *cestui que trust* in the estate of Daniel Weaver, for an order upon the trustee of Alvin Henry Weaver, Elizabeth E. Reinhart, to pay to the said Annie G. Weaver "the principal moneys which she holds as trustee for Alvin Henry Weaver according to the provisions of the said last will and testament of the said Daniel Weaver, deceased."

It appears from the record that an answer was filed to this petition as well as a replication.

The original petition, which was filed March 29, 1926, the answer and replication could not be found at the time of the hearing, but copies of the petition and answer were produced, and it was proposed that the matter be proceeded with on the copies, and there was no objection to this proposal, and testimony was heard.

It is unnecessary to consider any of the testimony, because the question here at issue arises from an interpretation of the will, and that brings before us the consideration of the second clause of the will, which appoints Elizabeth E. Reinhart trustee for Alvin Henry Weaver, and in part reads as follows:

"And I do hereby appoint my daughter Elizabeth E. Reinhart Trustee of my said son Alvin Henry Weaver, and she is to receive and be paid any part or portion of my estate payable to said Alvin Henry Weaver in money (except the income of the aforesaid lot and block of houses) to hold and to have the same in trust, to invest part or all in real estate or other good investments as she deems best, and pay the interest or income accruing thereon from time to time as it may accrue, and if the said trustee finds it necessary she is also

empowered hereby to pay any of the principal monies she has in trust to my said son Alvin Henry Weaver or his widow to keep him or her comfortable, during his lifetime and after his death pay the said income or interest to his widow if then living and not remarried, and after her death and the death of my wife Angeline, pay the principal sum to the children of my said son Alvin Henry Weaver, in equal shares."

The petitioner lays particular stress upon the words, "And if the said Trustee finds it necessary she is also empowered hereby to pay any of the principal monies she has in trust to my said son Alvin Henry Weaver or his widow to keep him or her comfortable during his lifetime," in order to establish her claim that she is entitled to receive from the trustee a part or all of the principal.

This portion of the will is incongruous, because the wife of Alvin Henry Weaver could not be his widow during his lifetime, and it is a fair presumption that the testator or the scrivener inadvertently used the word "widow" when it was intended that the word "wife" should be used, a mistake that could easily be introduced; therefore, if we substitute the word wife for widow, that portion of the will would read: "And if the said trustee finds it necessary she is also empowered hereby to pay any of the principal monies she has in trust to my said son Alvin Henry Weaver or his wife to keep him or her comfortable, during his lifetime and after his death pay the said income or interest to his widow if then living and not remarried, and after her death and the death of my wife Angeline, pay the principal sum to the children of my said son Alvin Henry Weaver, in equal shares," and the incongruity disappears.

Reading the will as a whole, we are led to the conclusion that Daniel Weaver, the testator, regarded his son, Alvin Henry Weaver, incompetent to manage his financial affairs, because he only gave to Alvin Henry Weaver a life estate in the real estate set apart for him and a life interest in the balance of his estate bequeathed for the benefit of Alvin Henry Weaver and the remaindermen under Alvin Henry. This view is further strengthened by the fact that if any of the principal was to be paid out of the trust for the benefit of Alvin Henry, the discretion as to that was placed solely in the trustee, and nowhere in the will does it say that the widow of Alvin Henry, or any other person excepting Alvin Henry, is to be paid any portion of the principal during the life of the trust. Therefore, it is apparent that the testator intended that the principal of the portion of Alvin Henry Weaver should remain intact and not be dissipated excepting at the discretion of the trustee, so that his son Alvin Henry should be comfortably maintained during his life, and the widow of Alvin Henry should succeed him in this provision, and the remaindermen receive the whole of the principal at the end of the trust.

Under this construction of the will, it is our duty to dismiss the petition, and thereby deny the right of the petitioner to receive any portion of the principal. On account of the many proceedings had in this estate relative to Elizabeth E. Reinhart acting as trustee of Alvin Henry Weaver, it may be well to note that this decision has no reference to the income arising from this trust estate, which we learn by admission from the trustee on the witness-stand is in her hands and has not been paid over; and the trustee is again warned that it is her solemn duty to pay over all income in her hands to those to whom it should be paid, and to file a proper account of her activities as trustee.

And now, Jan. 14, 1929, the petition filed on March 29, 1926, is dismissed.

From M. M. Burke, Shenandoah, Pa.